IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                Case No. 3:05 CR 735

  -vs-

                                            MEMORANDUM   OPINION
DEAN SWAIN, JR.,                          AND   ORDER

                Defendant.

KATZ, J.

The Defendant, Dean Swain, Jr., through counsel, has filed a motion for judgment of acquittal (Doc. No. 51) and a motion for new trial (Doc. No. 52) and has filed supplemental memoranda in support of each. The Government has filed oppositions to both motions. The Court has reviewed the memoranda filed by the parties and has concluded that neither of the Defendant's motions have merit. Therefore, both motions will be denied.

BACKGROUND

The factual background of this case is well set forth in the Government's response to the Defendant's motion for judgment of acquittal. Briefly stated, on October 29, 2004 the Defendant was the operator and sole occupant of a motor vehicle stopped for traffic violations by an officer of the Perkins Township, Ohio, Police Department. The Defendant was determined to be operating with a suspended license and was told that the car would have to be towed. Upon inspection of the car, Officer Joseph Rotuno observed a hand gun on the driver side floor board of the car. Another officer arrived for

backup and, after questioning with respect to the gun, the Defendant bolted and ran across an open field. He was pursued and forcibly arrested. The loaded revolver was in plain view in the Defendant's car; also found was 4.5 grams of cocaine and a digital scale on which there was cocaine residue. The officers testified at trial that the pistol was found on the floor board in front of the driver's seat while the cocaine was found in the driver's side door map pocket and the digital scale was found on the console between the driver and passenger seats.

A three count superseding indictment was returned by the Grand Jury on June 2, 2005, charging the Defendant with possession with intent to distribute cocaine, using and carrying a firearm during and in relation to a drug trafficking crime, and possession of a firearm after having been convicted of a crime punishable by a term of imprisonment in excess of 1 year. Following a two day trial, a jury on August 4, 2005 returned guilty verdicts on each of the counts contained in the indictment.

*Motion for Judgment of Acquittal*

In determining whether the evidence upon which the jury based its decision is sufficient to survive a Rule 29 challenge, this Court is directed by the case law to view the evidence and all reasonable inferences therefrom in a light most favorable to the Government. *United States v. Morrow*, 977 F.2d 222, 230 (6th Cir. 1992). A verdict should be upheld if, ". . . any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307, 319 (1997); *United States v. Acosta-Casares*, 878 F.2d 945 (6th Cir. 1999).

With respect to Count 1, possession with intent to distribute cocaine, the Government must establish through evidence at trial three elements: that the Defendant possessed cocaine; that he had a specific intent to distribute the same; and that he did so knowingly and intentionally. Clearly, the

2

testimony of the officers established that the cocaine found in the automobile driven and owned by the Defendant was plainly visible to them. Defense counsel in opening statement conceded that the Defendant indeed possessed that cocaine. The officers further testified that the digital scale was generally used to weigh cocaine and did, in fact, contain cocaine residue. There was also $193 in cash in the Defendant's pocket. Detective Sergeant Vince Donald testified that he was an experienced undercover operative with respect to drug transactions and that the quantity described above was significantly in excess of that purchased for personal use in rural counties such as Erie, Ottawa and Huron, which was 1/10th of a gram of cocaine.

Following an instruction by the Court that the jury could consider all facts and circumstances demonstrated by the evidence, and infer from such evidence the intent of the Defendant, the jury returned a verdict of guilty on Count 1. The jury was also instructed that they could consider flight as it related to the Defendant's consciousness of guilt.

With respect to using or carrying the firearm during and in relation to a drug trafficking crime, the Court has already related that the first element, drug trafficking, was established when the jury found the Defendant guilty of Count 1 of the indictment. Three additional elements must be proven by the Government: that a firearm was used or carried; that the Defendant used or carried the firearm during and in relation to a drug trafficking crime; and that the Defendant had knowledge that what he was using or carrying was a firearm.

The evidence clearly established that the firearm was in plain view inside a car owned and operated and occupied by this Defendant. That is ample evidence upon which the jury could rely to establish the fact that the Defendant knew he was carrying a firearm. Without delineating each of the

elements of this crime, the Government's response to the motion of the Defendant sets forth that which the jury considered as evidence to find the Defendant guilty on Count 2. Having sat through the presentation of that evidence, the Court concludes that the jury's verdict was clearly justified. The jury had a decision to determine guilt or innocence of the Defendant with respect to trafficking as contrasted to the lesser charge of possession; once it chose trafficking and was justified in that conclusion, the determination of guilt as to Count 2 was clearly justified by the evidence.

With respect to Count 3, a felon in possession of a firearm, evidence clearly established that the firearm in question traveled in interstate commerce. The only element not previously discussed was the prior conviction of a crime punishable by a term of imprisonment in excess of one year, as to which the Defendant stipulated. Clearly, the jury was justified in finding the Defendant guilty of Count 3 of the indictment.

*Motion for New Trial*

The burden under Rule 33 of the Federal Rules of Criminal Procedure is upon the defendant attacking a jury verdict; that verdict is presumptively valid. *United States v. Turner*, 490 F.Supp. 583 (E. D. Mich. 1979).

The Defendant claims his right to remain silent at trial was violated when "several jurors" are alleged to have said subsequent to returning their verdict that they desired to hear the Defendant's side of the story. The names of the jurors who supposedly made this statement are not disclosed by the Defendant and the claim is wholly unsubstantiated. Even if true, those claims alone do not establish that the jury made any inferences from the Defendant's silence. The Court clearly instructed the jurors not to make any such inference; however, merely stating that they had wished to hear his side of the story is not

4

the same as saying that those jurors based their finding of guilt, in whole or in part, upon the Defendant's exercise of his constitutional right to silence.

The Defendant also attacks the makeup of the jury. The Defendant states that the under representation of African-Americans among the venire demonstrates intentional discrimination. "A defendant challenging a venire on equal protection grounds bears the burden of showing that the venire was selected in an intentionally discriminatory manner. . . ."; the Defendant must establish "(1) that the defendant's race was substantially under represented on the particular venire from which the defendant's jury was selected AND that the venire was selected under a practice providing an opportunity for discrimination or (2) that there has been systematic, long-term under representation of defendant's race on jury venires." *United States v. Allen*, 160 F.3d 1096 (6RH Cir. 1998), *cert. denied*, 526 U. S. 1044 (1999).

The Court finds that the Defendant has failed to meet that burden. Counsel for the Defendant made a motion at trial with respect to representation and the Court denied the motion, stating: "It's clear that there is no bias or prejudice in the selection of these prospective jurors . . .", and that it was not clear that calling additional jurors would increase the number of minority venire persons. This Court further stated "[t]he plan is the plan, which has been approved, and is based on juror registration throughout the Northern District of Ohio. The jury venire was amassed as a result of the application of that plan and the random drawing and appearance of the 30 individuals from the Northern District, Western Division."

The Court denied the motion based upon the makeup of the jury pool and the jury at time of trial and will again deny it upon motion for new trial.

CONCLUSION

The Court and jury heard testimony of nine Government witnesses and three defense witnesses. After presentation of that testimony, and based upon the opportunity which the jury had to view the physical evidence and judge the credibility of all witnesses, the jury unanimously found the Defendant guilty of each of the three counts of the indictment. This Court cannot support the Defendant's views with respect to that evidence; the jury found the Defendant guilty using the standard which is appropriate in criminal cases, beyond a reasonable doubt, which means that the jury can view the evidence, in fact, must view the evidence, under that standard, not that the evidence removed every reasonably hypotheses which could be presented by the Defendant or the Government. Since the Court views the evidence as having justified the jury's determination that it met the high standard in this criminal case, both of the Defendant's motions are denied.

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
SENIOR U. S. DISTRICT JUDGE