IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

DEAN SWAIN, JR., pro se,

                Plaintiff,             Case No. 3:05 CR 735
    -vs-                                    3:08 CV 1820

UNITED STATES OF AMERICA,          MEMORANDUM   OPINION
                                                 AND   ORDER
                Defendant.

KATZ, J.

       Before the Court is the pro se motion of Petitioner Dean Swain, Jr. to vacate, set aside or correct a sentence under 28 U.S.C. § 2255. This motion is based upon assertions of ineffective assistance of counsel during the pre-trial state of the case before this Court.

       The Court has reviewed the lengthy motion and accompanying memorandum of Mr. Swain and the 17 page response in opposition filed by the Government. The Government's statement of facts, statement of the case, discussion of the law and argument are extensive, in depth, cogent and convincing. The Court will incorporate by reference the Government's response, as reflected in Doc. No. 109, admittedly an unusual course for this Court to take.

       In short, the Petitioner was tried pursuant to a superseding indictment and convicted on August 4, 2005 on all three counts contained in the superseding indictment. Previous to that trial, the Court held a pretrial conference on July 29, 2005, during which the consequences of being found guilty under the superseding indictment were explained to Mr. Swain. His attorney confirmed that explanation. After a recess during which his attorney again went over the situation with Swain, he reiterated that he declined any plea offer and chose to go to trial. On January 23,

2006 this Court sentenced Swain to 41 months on counts 1 and 3, to be served concurrently and 60 months on count 2 to be served consecutively to the sentence on counts 1 and 3, all to be followed by three years of supervised release.

Thereafter, Petitioner filed a direct appeal, the sole assignment of error being as to whether the district court erred in its instruction to the jury regarding evidence of Swain's flight from arresting officers.  The Sixth Circuit affirmed the conviction. *U. S. v. Swain*, 227 Fed. Appx. 494, 2007 WL 2031447 (6th Cir. July 27, 2007).

The instant motion was filed in the Clerk's office on July 28, 2008 in which Swain raises two claims of ineffective assistance of counsel: a) that his attorney, Merle Dech, led Swain to believe the Government would never be able to obtain a superseding indictment; b) Dech never advised Swain to accept the original plea offer of 30 - 37 months; and c) additional evidence supported Swain's previous claim of ineffective assistance of counsel.

The alleged new evidence and law cited do not support reconsideration of the prior ineffective assistance claim and this Court's denial of the same.  The matter is discussed at length in the Government's response and the Court agrees with the Government's conclusion. Additionally, trial counsel is found to have properly informed the Petitioner that a superseding indictment with additional charges would expose him to potential additional punishment.   Mr. Dech explained that Swain would be facing a guideline range of 30 - 37 months or 37 - 46 months under a superseding indictment with a five year consecutive term pursuant to 18 U.S.C. § 924. Swain acknowledged understanding the difference between the plea to the original indictment (which was orally offered to him by the Government) and the consequences of being found guilty pursuant to the superseding indictment.  An evidentiary hearing was held on the ineffective

assistance of counsel motion by this Court on January 23, 2006, at which time this Court was able to hear and see witnesses testify on both direct and cross examination and determine their credibility. This Court denied the motion post-trial for ineffective assistance of counsel.

For the reasons stated in summary fashion herein above and in the Government's excellent response memorandum, this Court, having addressed the issue of ineffective assistance of counsel on now three occasions, denies Petitioner Dean Swain's Jr.'s motion to vacate, set aside or correct his sentence pursuant to 18 U.S.C § 2255 and his motion to reconsider its previous denial of his claim of ineffective assistance of counsel.

IT IS SO ORDERED.

    s/ *David A. Katz*
    DAVID A. KATZ
    U. S. DISTRICT JUDGE